UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Earl Reyes,  )
  )
 Plaintiff,  )
  )
v.  ) Civil Action No. 17-1106 (UNA)
  )
Michael Duggan et al.,  )
  )
 Defendants.  )

MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff is a New York state prisoner who has sued an Assistant Court Clerk/Case Analyst of the United States Supreme Court and the United States for monetary damages and equitable relief. *See* Compl. at 1-2. The complaint arises from the assistant clerk's correspondence in February 2017 that directed plaintiff to resubmit his petition for a writ of certiorari "with the enclosed affidavit of timely mailing." Compl. Ex. G. Plaintiff's petition was eventually filed "and placed on the docket March 9, 2017[.]" Ex. I.

1

Plaintiff invokes *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which permits an action for damages against a federal actor who violates one's constitutional rights. But the instant complaint reveals no such violation, and plaintiff's conclusory assertions of being "discriminated against . . . for being a member of the Latin Americans, Pro Se litigants, poor persons, prisoners, or" for being "treated different[ly] than other similarly situated," Compl. at 5-6, do not "suffice" to state a claim. *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555, 557 (finding insufficient "a pleading that offers 'labels and conclusions' . . . [or] tenders 'naked assertion[s]' devoid of 'further factual enhancement' ").

As to plaintiff's claim for equitable relief, the Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk" and his staff. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Therefore, "a lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 21, 2017

United States District Judge